IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**NSIGHT TECHNOLOGIES, LLC**                                **PLAINTIFF**

VS.                            CIVIL ACTION NO. 3:09-cv-6-WHB-LRA

**FEDERAL INSURANCE COMPANY (a subsidiary
of Chubb Group of Insurance Companies);
LINDA DOVE, f/k/a LINDA FARISH; and
JOHN DOES A, B, C, D, and E**                    **DEFENDANTS**

## OPINION AND ORDER

This cause is before the Court on two related motions. The first is the Motion of Plaintiff, Nsight Technologies, LLC, to Remand. The second is the Motion of Defendant, Federal Insurance Company, to Sever. Having considered the Motions, Responses, Rebuttals, attachments to the pleadings as well as supporting and opposing authorities, the Court finds:

The Motion to Remand should be granted in part and denied in part.

The Motion to Sever is well taken and should be granted.

### I. Factual Background and Procedural History

Defendant, Linda Dove ("Dove"), was employed as a bookkeeper by Plaintiff, Nsight Technologies, LLC ("Nsight"). Beginning in January of 2004, through January of 2008, Dove allegedly "embezzled or otherwise secreted" over $400,000 from the bank account of

Nsight. Compl. at ¶¶ 10, 19. During the relevant time period, specifically from March 5, 2003, through June of 2008, Nsight was covered under an insurance policy that had been issued by Defendant, Federal Insurance Company ("Federal").[1] The policy, which had been renewed annually, provides, in relevant part:

> The most we will pay for any loss under Employer Theft for any loss caused by any employee whether acting alone or in collusion with others, either resulting from a single act or any number of acts, regardless of when those acts occurred during the period of this insurance or prior insurance, is the amount of the loss, not to exceed the Limit of Insurance for Employee Theft shown in the declaration.

Compl. at ¶ 7. Upon discovering the alleged embezzlement, Nsight made a claim for proceeds under the subject policy. As understood by the Court, Federal paid Nsight $20,000, which was the limit of coverage provided in the most recent insurance policy. Federal, however, refused to pay the claims made by Nsight for coverage under the preceding policies. Compl. at ¶ 13.

On December 2, 2008, Nsight filed a Complaint against Federal and Dove in the Circuit Court for the First Judicial District of Hinds County, Mississippi, alleging a claim of conversion against Dove, and claims of breach of contract and bad faith against Federal. The lawsuit was removed by Federal to this Court on January 7, 2009, on the basis of diversity of citizenship jurisdiction.

---

[1] The most recent renewal period for the subject policy was April 5, 2008, through April 5, 2009. The policy, however, was cancelled in June of 2008. Compl. at ¶ 6.

For the Court to properly exercise diversity of citizenship jurisdiction, the parties to the lawsuit must be diverse and the amount in controversy must exceed $75,000. Nsight admits that the amount in controversy in this case exceeds the jurisdictional amount. See Mem. in Resp. to Mot. to Remand [Docket No. 11], at 2. For the purpose of diversity analysis, the record shows that Federal is an Indiana corporation with its principal place of business in New Jersey. See Notice of Removal, ¶ 10. Although Nsight and Dove are both considered citizens of the State of Mississippi for diversity purposes, Federal argues that Dove's citizenship should be disregarded because she was fraudulently misjoined as a defendant in this case. Id. at ¶ 11. Federal also argues, based on the alleged fraudulent misjoinder, that the claims against it and Dove should be severed. Disagreeing, Nsight opposes severance and seeks remand to state court.

## II. Legal Analysis

Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed ... to the district court of the United States for the district and division embracing the place where such action is pending." The removing party has the burden of proving federal subject matter jurisdiction. See Jernigan v. Ashland Oil, Inc., 989 F.2d 812, 815 (5th Cir. 1993). In cases in

3

which the removing party alleges diversity of citizenship jurisdiction on the basis of fraudulent misjoinder, "it has the burden of proving the fraud." Laughlin v. Prudential Ins. Co., 882 F.2d 187, 190 (5th Cir. 1989). To establish fraudulent joinder, the removing party must prove: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." Travis v. Irby, 326 F.3d 644, 647 (5th Cir. 2003)(citing Griggs v. State Farm Lloyds, 181 F.3d 694, 698 (5th Cir. 1999)).

In the case *sub judice*, Federal does not argue either that there was actual fraud in the pleading of jurisdictional facts, or that Nsight does not have a possibility of recovery against Dove in state court. Instead, Federal predicates removal on the concept of fraudulent misjoinder that was first articulated by the United States Court of Appeals for the Eleventh Circuit in Tapscott v. MS Dealer Service Corp., 77 F.3d 1353 (11th Cir. 1996), abrogated on other grounds, Cohen v. Office Depot, Inc., 204 F.3d 1069 (11th Cir. 2000), in which that court held "[m]isjoinder may be just as fraudulent as the joinder of a resident defendant against whom a plaintiff has no possibility of a cause of action." Id. at 1360. Many district courts in this circuit, based on the opinions of In re Benjamin Moore & Co., 309 F.3d 296, 298 (5th Cir. 2002); In re: Benjamin Moore & Co., 318 F.3d 626, 630-31 (5th Cir. 2002); and Crockett v. R.J. Reynolds Tobacco Co., 436 F.3d 529 (5th Cir.

4

2006), have presumed that the United States Court of Appeals for the Fifth Circuit has adopted, or at least appears to have adopted, the fraudulent misjoinder standard articulated in Tapscott. See e.g. Palermo v. Letourneau Tech., Inc., 542 F. Supp. 2d 499, 515 (S.D. Miss. 2008);[2] Ross v. Life Investors Ins. Co. of Am., 309 F. Supp. 2d 842 (S.D. Miss. 2004).

In order to determine whether parties are fraudulently misjoined, the Court applies "essentially the same standard that applies to fraudulent joinder: Is there a reasonable possibility that a state court would find that the plaintiff's claims against the [resident] defendant were properly joined with his claims against the other defendants?" Palermo, 542 F. Supp. 2d at 523

---

[2] In concluding that "most district courts within this circuit have taken the position that the Fifth Circuit has adopted, or at least appears to have adopted, Tapscott", the Palermo court relied on the following decisions: Touro Infirmary v. American Maritime Officer, 2007 WL 4181506, at *7 (E.D. La. Nov. 21, 2007)("has appeared to adopt"); Turner v. Murphy Oil USA, Inc., 2007 WL 2407310, at *5 (E.D. La. Aug. 20, 2007)(same); Accardo v. Lafayette Ins. Co., 2007 WL 325368, at *2 (E.D. La. Jan. 30, 2007) ("appears to have adopted"); Moote v. Eli Lilly & Co., 2006 WL 3761907, at *2 (S.D. Tex. Dec. 21, 2006)(assuming, without stating, that the Fifth Circuit has adopted Tapscott); Rice v. Pfizer, Inc., 2006 WL 1932565, at *3 (N.D. Tex. July 7, 2006)(same); Barnes v. Vistar Ins. Servs., Inc., 2006 WL 1806468 (S.D. Miss. June 29, 2006)(same); Boteler v. Pleko Se. Corp., 2006 WL 1364387, *1 (S.D. Miss. May 16, 2006)("endorsed"); Reed v. American Med. Sec. Group, Inc., 324 F. Supp. 2d 798, 803 (S.D. Miss. 2004)("the undersigned, as well as a number of other judges in this district and in the Northern District of Mississippi, have concluded that in this circuit, misjoinder is a viable basis for removal in a proper case"); Jones v. Nastech Pharm., 319 F. Supp. 2d 720, 725 (S.D. Miss. 2004)("The Fifth Circuit has instructed district courts to look at the issue of egregious misjoinder when considering motions to remand.").

5

(alterations in original)(citations omitted).  As explained in Palermo:

> The Court finds that this standard is compatible with the use of the state procedural rule to determine the issue of fraudulent misjoinder.  Removal and severance will be allowed only if claims were improperly joined under state law at the action's inception.  The standard also protects both the right of a plaintiff to choose his own forum and the right of a defendant to remove to a federal forum when faced with misjoinder in the state court.  As long as there is a reasonable possibility that the state court would find joinder proper, the plaintiff's right to a state forum prevails, but if there is no reasonable possibility that the state court would find joinder proper, the defendant is entitled to removal and severance. Under this standard, the lack of a reasonable possibility that the state court would allow the joinder renders the claims or parties "fraudulently misjoined."

Id. at 523-24.

Joinder under Mississippi law is governed by Rule 20(a) of the Mississippi Rules of Civil Procedure, which provides:

> All persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences, and if any question of law or fact common to all these persons will arise in the action.  All persons may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences, and if any question of law or fact common to all defendants will arise in the action.  A plaintiff or defendant need not be interested in obtaining or defending against all the relief demanded.  Judgment may be given for one or more of the plaintiffs according to their respective rights to relief, and against one or more defendants according to their respective liabilities.

MISS. R. CIV. P. 20(a).  For joinder to be proper, both prongs of

Rule 20(a), i.e. (1) the right to relief arises out of the same transaction, occurrence, or series of transactions or occurrences, and (2) a question of law or fact common to all defendants will arise in the action, must be satisfied. See e.g. Wyeth-Ayerst Labs. v. Caldwell, 905 So. 2d 1205, 1207 (Miss. 2005). In order for an alleged "occurrence" to be sufficient to satisfy the two factors required under Rule 20(a), "there must be a 'distinct litigable event linking the parties.'" Hegwood v. Williamson, 949 So. 2d 728, 730 (Miss. 2007)(quoting Wyeth-Ayerst, 905 So. 2d at 1208). Whether a "distinct litigable event" exists is determined by considering the proof necessary to succeed on the alleged claims. Id. at 730. As explained by the Mississippi Supreme Court in Hegwood:

> The appropriateness of joinder decreases as the need for additional proof increases. If plaintiffs allege a single, primary wrongful act, the proof will be common to all plaintiffs; however separate proof will be required where there are several wrongful acts by several different actors. The need for separate proof is lessened only where the different wrongful acts are similar in type and character and occur close in time and/or place.

Id.

In the case *sub judice*, Nsight alleges a conversion claim against resident defendant Dove, and breach of contract/bad faith claims against non-resident defendant Federal. The issue of whether such claims may be properly joined was considered by the Mississippi Supreme Court in Hegwood v. Williamson, 949 So. 2d 728

7

(Miss. 2007), which arose out of an automobile accident. In Hegwood, both parties were insured under policies that had been issued by State Farm Mutual Automobile Insurance Company ("State Farm"). After the accident, Williamson filed two separate claims, one for property damage and medical payments under her policy with State Farm, and a third-party claim for bodily injury and medical expenses under Hegwood's liability policy.

After an apparent dispute regarding coverage, Williamson filed a lawsuit alleging negligence against Hegwood, and breach of contract/bad faith against State Farm. Upon denial of a motion to sever, the case was appealed to the Mississippi Supreme Court, which reversed on a finding that the joinder of Hegwood and State Farm was improper under Rule 20(a) of the Mississippi Rules of Civil Procedure. In so doing, the Mississippi Supreme Court explained:

> The third party tort claim against Williamson and the first party breach of contract and bad faith claims [against State Farm] involve distinct litigable events. The claims against Williamson and State Farm arise out of separate allegations of wrongdoing occurring at separate times. While it is true that the genesis of both claims arose out of the accident, the two claims involve different factual issues and different legal issues. The car accident raises fact issues of how the accident occurred and legal issues of simple negligence (duty, breach of duty, proximate causation, and damages). The breach of contract and bad faith claims raise fact issues of what occurred between the two insurance adjusters and how they made their decisions and legal issues of interpretation of insurance policies and bad faith under which an award of punitive damages may or may not be appropriate. The negligence claim would be proven by different witnesses (the two drivers, eyewitnesses to the

8

>accident, law enforcement, and accident re-enactment experts) from that of the bad faith claim (insurance agents and management).

Id. at 731.

As in Hegwood, the Court finds that the claim alleged against Dove (conversion), and those alleged against Federal (breach of contract/bad faith) "arise out of separate allegations of wrongdoing occurring at separate times." While the claims against Dove and Federal arise out of the alleged embezzlement, the claims "involve different factual issues and different legal issues." The conversion claim alleged against Dove raises fact issues regarding whether Dove forged checks on the account of Nsight without authority, and whether she used the funds obtained from those checks for her personal use. See Compl. ¶ 19. The breach of contract and bad faith claims against Federal raise contract issues regarding whether the subject insurance policies are "accrual policies" versus "claims made policies", whether Federal is required to pay claims or provide coverage "for any policy other than the latest applicable policy period", and whether Federal had a legitimate, arguable reason for denying the claims submitted by Nsight. See Compl. at ¶¶ 13-15. Additionally, as in Hegwood, the conversion claim against Dove would be proven by different evidence (bank account statements, forged checks, etc.) than that necessary to prove the breach of contract/bad faith claims alleged against Federal (the subject policies, testimony from the insurance agents

9

regarding the manner in which the policies were interpreted and the grounds on which the claims were denied, etc.).

After reviewing the allegations in the Complaint in relation to the requirements of Rule 20(a) of the Mississippi Rules of Civil Procedure, the Court finds that the conversion claim against Dove was fraudulently misjoined with the breach of contract/bad faith claims alleged against Federal.[3] See e.g. Madison Materials Co., Inc. v. St. Paul Fire and Marine Ins. Co., Civil Action No. 3:04-cv-14, slip op. (S.D. Miss. Sept. 14, 2004)(granting severance upon finding that the claims of embezzlement and conversion alleged against the resident defendant were fraudulently misjoined with the breach of insurance contract and bad faith claims alleged against the non-resident defendant). See also Defourneaux v. Metropolitan Prop. and Cas. Ins. Co., Civil Action No. 06-3809, 2006 WL 2524165, at *2 (finding that the tort claims against one defendant, and the breach of insurance contract claims against the second defendant, did not present "overlapping questions of fact nor related issues of law" because the plaintiffs' tort claims would require discovery into duty and alleged breach, while the breach of insurance contract claims would require investigation into the processing and

---

[3] Nsight has filed a motion seeking to strike the Reply of Federal in support of its Motion to Sever arguing that Federal "improperly used their belated Motion to Sever to file a rebuttal memorandum and argue, for the first time, that Tapscott does not apply." See Motion to Strike [Docket No. 29], at ¶ 4. Finding that the fraudulent misjoinder analysis of Tapscott does apply in this case, the Court finds the Motion to Strike is moot.

10

handling of the insurance claims). Accordingly, the Court finds that the claim against Dove and the claims against Federal should be severed in accordance with Rule 21 of the Mississippi Rules of Civil Procedure. Based on this finding, the Court will grant the Motion of Federal to Sever. On the issue of jurisdiction, the Court finds that while it may properly exercise diversity of citizenship jurisdiction over the breach of contract/bad faith claims alleged against Federal, it lacks subject matter jurisdiction to adjudicate the conversion claim alleged against Dove. The Court, therefore, will grant the Motion to Remand in part, thereby remanding only the claim alleged against Dove to state court.

### III.  Conclusion

For the foregoing reasons:

IT IS THEREFORE ORDERED that the Motion of Defendant, Federal Insurance Company, to Sever [Docket No. 21] is hereby granted, and the claim alleged against Defendant Linda Dove, f/k/a/ Linda Farish, is hereby severed from the claims alleged against Defendant, Federal Insurance Company.

IT IS FURTHER ORDERED that the Motion of Plaintiff, Nsight Technologies, LLC, to Strike Defendant Federal Insurance Company's Reply to Plaintiff's Response to Federal Insurance Company's Motion to Sever [Docket No. 29] is hereby dismissed as moot.

IT IS FURTHER ORDERED that the Motion of Plaintiff, Nsight Technologies, LLC, to Remand [Docket No. 10] is hereby granted in part, and denied in part.

To the extent remand is sought of the conversion claim against Defendant, Linda Dove, f/k/a/ Linda Farish (Count I), the Motion is granted.

To the extent remand is sought of the breach of contract claim (Count II) and bad faith refusal to pay claim (Count III) against Defendant, Federal Insurance Company, the Motion is denied.

IT IS FURTHER ORDERED that the Clerk of Court shall remand the conversion claim against Defendant, Linda Dove, f/k/a/ Linda Farish (Count I), to the Circuit Court for the First Judicial District of Hinds County, Mississippi.

IT IS FURTHER ORDERED that the breach of contract claim (Count II) and bad faith refusal to pay claim (Count III) against Defendant, Federal Insurance Company, shall remain in this Court.

IT IS FURTHER ORDERED that the stay entered in this case on February 6, 2009, [Docket No. 12] is hereby vacated. Counsel for Plaintiff shall, within seven days of the date on which this Opinion and Order is entered, contact the Chambers of United States Magistrate Judge Linda R. Anderson and request that a Case Management Conference be scheduled.

IT IS FURTHER ORDERED that Plaintiff, Nsight Technologies, LLC, shall file its Response to the Motion of Defendant, Federal Insurance Company, to Dismiss on or before May 8, 2009.

SO ORDERED this the 23rd day of April, 2009.

s/ William H. Barbour, Jr.<br>UNITED STATES DISTRICT JUDGE